*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2054**

State of Minnesota,
Respondent,

vs.

Edwin Lee Johnson,
Appellant.

**Filed August 17, 2015
Affirmed
Reilly, Judge**

St. Louis County District Court
File No. 69DU-CR-12-1856

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Hooten, Judge; and Toussaint, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REILLY**, Judge

In this probation-revocation appeal, appellant argues that the district court abused its discretion when it revoked his probation. Because the district court satisfied caselaw requirements and did not abuse its discretion, we affirm.

## FACTS

On June 8, 2012, respondent State of Minnesota charged appellant Edwin Johnson with two counts of sale of a controlled substance in the third degree, in violation of Minn. Stat. § 152.023, subd. 1(1) (2010). Appellant pleaded guilty to one count of sale of a controlled substance in the third degree in exchange for the dismissal of the second count. On February 20, 2014, in accordance with the terms of the plea agreement, the district court imposed a 61-month sentence, stayed for five years, during which appellant would be on probation. The plea agreement represented a downward dispositional departure.

In addition to other conditions, appellant's probation agreement required that he complete a rule 25 chemical dependency assessment, abstain from alcohol and drugs, submit to random testing, and that he cooperate and meet with his probation officer as directed. On August 5, 2014, appellant's probation officer filed a probation-violation report based on appellant's failure to: undergo a rule 25 assessment, abstain from the use of mood-altering substances, submit to urine sampling on two dates, and report to the probation officer on two dates.

At his September 8, 2014 probation-revocation hearing, appellant admitted he violated his probation by refusing to provide urine samples, providing a positive urine

2

sample, and failing to complete a rule 25 assessment. Appellant explained that he did not complete the rule 25 assessment due to financial and insurance reasons.

The state asked the district court to execute appellant's sentence, arguing that appellant

> originally got a departure from the guidelines; one of those deals that was probably a very, very good deal for him, probably too good to be true. And I believe he was warned at the time he was going to be held to be accountable and that a violation of any type wouldn't be tolerated. Now we are back here with numerous violations that are all intentional. There is no excuse for his behavior. To succeed on probation, first, you have to be honest with your probation officer. He hasn't been honest. He doesn't report. He doesn't give UA's when he's supposed to. He's testing positive, an indication that he is continuing to use.
>
> It's tough because individually these violations aren't the most serious type for a recommendation for prison, but if you put them together, they add up to a pretty serious situation, given his record. I think he has three prior drug convictions before this on his record, if I recall right.
>
> It's clear from his past and current behavior he is not amenable to probation. He's just not.

The district court agreed, revoked appellant's probation, and executed his sentence.

Appellant appeals.

## DECISION

Appellant argues that the district court abused its discretion by revoking his probation. When a probationer violates a condition of probation, the district court may continue probation, revoke probation and impose the stayed sentence, or order intermediate sanctions. Minn. Stat. § 609.14, subd. 3 (2012). Prior to revoking probation, the district court must "1) designate the specific condition or conditions that

3

were violated; 2) find that the violation was intentional or inexcusable; and 3) find that the need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). Failure to address all three *Austin* factors requires reversal and remand, even if the evidence was sufficient to support the revocation. *State v. Modtland*, 695 N.W.2d 602, 606-08 (rejecting this court's application of a "sufficient-evidence exception" to the *Austin* findings requirement).

"A district court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Id.* at 605 (quotation omitted). However, whether a lower court has made the findings required under *Austin* presents a question of law, which is subject to de novo review. *Id.* Here, at the contested probation-revocation hearing, the district court found:

> I remember when we were all together for that sentencing just back in February and, you know, I remember being very clear that you were getting a heck of a break by not going off to prison at that time and I remember you telling me because of your son, because, you know, you wanted to be there for him, that you were really going to change things around, and as I look at the allegations that are – that you've admitted to, you know, you just have – there's – it's not just one thing. It's a whole series of things and, like you say, it may just be because you are – you know, you have a tough time dealing with those outside authorities.
>
> Nonetheless, I'm going to find here that clear and convincing evidence has been provided for probation violations, that the intentions were – or the violations were intentional and inexcusable and that the need for confinement outweighs the benefits of probation because I think the danger to others is out there and it would unduly depreciate the seriousness of the underlying offense if you were just allowed to continue on probation on this. So with that, I am going to revoke the stay of execution and send you to the Commissioner of Corrections for 61 months.

The first *Austin* factor requires that the district court designate the specific conditions of probation that were violated. *Austin*, 295 N.W.2d at 250. Appellant's probation-violation report listed three violations: (1) failure to undergo chemical dependency assessment; (2) failure to submit to random tests; and (3) failure to report to his probation officer. The district court questioned appellant about the violated conditions, and appellant admitted that he violated them. Appellant then entered guilty admissions to all the probation violations, and the district court accepted appellant's admissions. The district court based the revocation on all of the probation violations and this is sufficient to satisfy the first factor.

The second *Austin* factor requires that the district court find that the violations were "intentional or inexcusable." *Id*. Here, the district court stated that the probation violations were "intentional and inexcusable." Thus, the second prong of the *Austin* analysis is satisfied.

Appellant argues that the evidence was insufficient to support the district court's finding on the third *Austin* factor. In considering whether the need for confinement outweighs the policies favoring probation, the district court must consider if:

> (i)  confinement is necessary to protect the public from further criminal activity by the offender; or
> (ii)  the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Modtland*, 695 N.W.2d at 607. Specifically, appellant maintains that the district court's findings were too general and reflexive. When conducting an *Austin* analysis, a district

court may not simply recite the three *Austin* factors and offer "general, non-specific reasons for revocation." *Id.* at 608. While written orders are not required, the district court should at least "stat[e] its findings and reasons on the record, which, when reduced to a transcript, is sufficient to permit review." *Id*. at 608 n.4.

Here, the district court found that "the need for confinement outweighs the benefits of probation because I think the danger to others is out there and it would unduly depreciate the seriousness of the underlying offense if you were just allowed to continue on probation on this." From the date he was sentenced, appellant failed to follow the basic terms of his probation. The district court sentenced appellant on February 20, 2014, and he committed his first probation violation on May 8, 2014. He committed additional violations on May 21, June 18, June 24, and July 16, 2014. Prior to his most recent controlled-substance offense, appellant had three other controlled-substance offenses. Moreover, the record shows and the prosecution informed the district court that appellant had threatened his probation officer, making him a danger to others. This was the same probation officer whom appellant evaded multiple times and failed to keep in contact with. The record supports the conclusion that appellant is unamenable to probation. Based on this record, the district court made the required findings and did not abuse its broad discretion when it revoked appellant's probation. *See State v. Osborne*, 732 N.W.2d 249, 253 (Minn. 2007) (stating that in revoking probation it must be shown that the offender's behavior demonstrates that he "cannot be counted on to avoid antisocial activity").

Finally, appellant contends that the district court erred by improperly considering the fact that he had received a downward dispositional departure at sentencing.[1] At the probation-revocation hearing, the district court told appellant

> I remember being very clear that you were getting a heck of a break by not going off to prison at that time and I remember you telling me because of your son, because, you know, you wanted to be there for him, that you were really going to change things around, and as I look at the allegations that are – that you've admitted to, you know, you just have – there's – it's not just one thing. It's a whole series of things and, like you say, it may just be because you are – you know, you have a tough time dealing with those outside authorities.

The sentencing guidelines provide that if a district court is considering whether to revoke a stayed sentence, "Less judicial tolerance is urged for offenders who were convicted of a more severe offense." Minn. Sent. Guidelines 3.B. (2012). The district court's analysis of the third *Austin* factor is consistent with this directive of the sentencing guidelines. Thus, the district court did not err by considering appellant's downward dispositional departure.

   **Affirmed.**

---

[1] In a recent opinion, *State v. Finch*, No. A14-0203, 2015 WL 4237954, at *7 (Minn. July 8, 2015), the supreme court determined that a district court judge's impartiality was questionable when the judge told the appellant that she would revoke the appellant's probation for *any* violation and "speculated that [the appellant] had 'duped' the court when he exercised his right to appeal." *Id.* at *7 (emphasis added). Although, like the appellant in *Finch*, appellant's downward departure was discussed by the district court during the probation revocation hearing, here the district court judge's impartiality was not questioned nor did the court unequivocally tell appellant that any probation violation would result in probation revocation. Accordingly, while instructive, *Finch* does not control the facts of this case. Moreover, the *Austin* factors were neither before nor considered by the *Finch* court. *Id.* at *2 n.2.